(18 Misc. Rep. 558.)

RHEINFELT v. DAHLMAN et al.

(City Court of New York, General Term. November 30, 1896.)

1. WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.
   A verdict for $1,200 damages for wrongful attachment of store fixtures and stock is sustained by evidence that the fixtures cost $700, and could not be replaced under $1,200, and that the stock was worth $516.69.

2. TRIAL—WAIVER OF OBJECTIONS TO EVIDENCE.
   Defendant's objections to the admissibility of questions are unavailing where he brings out on cross-examination, and in his defense, the testimony called for by such questions.

3. WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.
   In estimating damages for wrongful attachment of a merchant's stock, the jury should consider the profits he would have made by selling such stock, but not the prospective profits which he lost by his business being stopped.

Appeal from trial term.

Action by Adolph Rheinfelt against the sheriff of the city and county of New York for unlawful seizure of his store fixtures and stock. Julius Dahlman and Isaac Marx, the sheriff's indemnitors, were substituted as defendants. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendants appeal. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

O. I. Wise, for appellants.

A. H. Brouck, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered on the verdict rendered by a jury in favor of the plaintiff and against the defendants, and from an order denying a motion for a new trial, made on the judge's minutes. The action was originally brought against the sheriff of the city and county of New York, who caused the defendants, who were his indemnitors, to be substituted in his place by an order of this court. The action is brought to recover damages for the unlawful taking of the fixtures of a butcher's store and the stock of meats contained therein, at No. 1627 Second avenue, of which property the plaintiff claimed to be the owner. The defendants deny the plaintiff's title, and claim that the ownership vested in his brother, Gustav, and justified the taking of said property by virtue of an attachment issued out of this court to the said sheriff against said Gustav. The jury, by their verdict, determined upon all the evidence in the case that the plaintiff was the owner of the property taken, and there is abundant evidence in the case to sustain the jury's finding on that point. The jury further, by their verdict, assessed the damages at the sum of $1,200. The evidence shows that the $1,200 are composed of two items, to wit, $700, the value of the fixtures, and $500, the value of the stock of meats on hand at the time of the wrongful taking. As to the value of the fixtures, the evidence shows that the same were sold by Gustav to his brother, the plaintiff, for $700, and that that is the consideration in the bill of sale; that

the total business, fixtures, and stock were sold to the plaintiff by his brother for the sum of $1,200, being $700 for the fixtures and $500 for the stock. Joseph Wormser, a witness for the defendants, testifies that he is a butcher; that he now owns the business at 1627 Second avenue; that he knows that the fixtures that he bought at the store at which Adolph Rheinfelt was were the same fixtures used in that butcher store before he bought them; and that to replace those fixtures in that store it would cost between $1,200 and $1,400. This is sufficient evidence upon which the jury could base their finding that the value of the fixtures at the time of the wrongful taking was $700. The evidence in regard to the value of the stock clearly shows that it amounted to $516.69. The jury's finding that the value of the stock at the time of the taking was $500 is, therefore, a correct one. The jury's total verdict, having been $1,200, is amply sustained, therefore, by the proofs in the case in regard to the value of the fixtures and stock.

There are many objections to the admissibility of questions and exceptions taken, but most of them, if not all, that were material, were cured by the defendants bringing out testimony called for by said questions on cross-examination, and in their defense. The defendants have taken exception to the judge's charge in regard to the profits which the plaintiff would have reasonably realized on the sale of the stock of meat. They except to the ninth of plaintiff's requests to charge, but the judge charged the twelfth of defendants' requests, as follows:

"I charge you that you cannot consider as an element of damages the prospective profits that the plaintiff might have earned in the said business, but you may consider what profits he would have realized from the sale of the merchandise that he had on hand at that time."

And he refused to charge the fifteenth request of the plaintiff, to wit:

"The prospective profits, so far as they can properly be proved, and which would certainly have been realized but for the breaking up of the business, are allowed as damages, although the amount thereof is uncertain."

And all through the charge, which is much more favorable to the defendants' side than it ought to be, it fairly appears that the judge instructed the jury that they had a right to allow the plaintiff for damages the full amount which the plaintiff could have realized for the meats then on hand when they were taken by the sheriff. The judge's charge instructs the jury fully in regard to the damages allowable for the goods taken at the time. Their judgment was right, and the verdict is affirmed, with costs.

The judgment and order herein are affirmed, with costs.

CONLAN. J.. concurs.